NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRED BEGAY,

        Plaintiff-Appellant,

v.

OFFICE OF NAVAJO AND HOPI INDIAN RELOCATION, an Administrative Agency of the United States,

        Defendant-Appellee.

No.   18-15996

D.C. No. 3:16-cv-08268-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted May 17, 2019[**]
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and BATTAGLIA,[***] District Judge.

Fred Begay appeals the district court's grant of summary judgment to the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

Office of Navajo & Hopi Indian Relocation ("ONHIR") affirming ONHIR's denial of his application for relocation benefits.

We review ONHIR's determination under the deferential APA standard. *See Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 914 (9th Cir. 1995). The decision may be set aside if it is arbitrary, capricious, or unsupported by substantial evidence. 5 U.S.C. § 706(2). "It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). Begay has the burden of establishing head of household status. 25 C.F.R. § 700.147(b).

The hearing officer did not err in determining that testimony from Begay, his employer, and his coworker about Begay's earnings was not credible. The hearing officer's reason—that the testimony was inconsistent—is specific and cogent: the witnesses indeed gave different estimates of the amount Begay earned and the number of houses he worked on. Citing *Chen v. Ashcroft*, 362 F.3d 611, 617 (9th Cir. 2004), Begay suggests that because the inconsistencies did not go to the heart of his claim, they cannot support an adverse credibility finding. But the inconsistencies do go to the heart of his claim, that is, they are directly relevant to whether Begay earned enough under ONHIR regulations to be considered a head of household.

Begay argues that the passage of time, language barriers, the cash economy,

2

or changes in Begay's pay could explain the inconsistencies. But we give substantial deference to an agency's credibility findings, and even allowing for some inconsistencies, Begay did not meet his burden.

Similarly, Begay's other arguments do not overcome the lack of consistent evidence to establish Begay's head-of-household status. Contrary to Begay's contention, ONHIR did not require him to establish his status with tax returns and wage statements or other documentation. Instead, the record suggests that ONHIR would have allowed Begay to establish his status through testimony, if it had been credible. Testimony about payments Begay received for odd jobs, herding sheep, and breaking horses, was too limited to suggest that he self-supported through those activities combined with work for his employer. Moreover, even if we were to accept Begay's argument that ONHIR has a trust relationship with applicants, the requirements of any trust relationship would not alter or override Begay's burden to establish his eligibility for benefits under 25 C.F.R. § 700.147(b).

The district court did not err in granting ONHIR's motion for summary judgment.

**AFFIRMED.**

3